CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LODISE WADLEY, | ) | CASE NO. 7:12CV00105 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| C. ZYCH, WARDEN, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Lodise Wadley, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the manner in which the Federal Bureau of Prisons ("BOP") is collecting money toward satisfaction of his criminal monetary penalties. For the reasons stated, the court summarily dismisses the petition.

I

Wadley was convicted in the United States District Court for the Eastern District of Pennsylvania on drug trafficking, possessing a firearm and body armor as a convicted felon, and related charges.[1] See United States v. Wadley, Case No. 2:03CR00249-MAM-1 (E.D. Pa. Jan. 27, 2005). The Court sentenced Wadley to a total term of 622 months imprisonment and imposed a $2000 fine and special assessments totaling $700.[2] The judgment order stated that Wadley's criminal monetary penalties were due as a

---

[1] Because Wadley is currently incarcerated at the United States Penitentiary Lee County in Jonesville, Virginia, this court has jurisdiction over his custodian as required for review of a § 2241 petitoin. See In re Jones, 226 F.3d 328, 332(4th Cir. 2000).

[2] A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

"[l]ump sum payment of $2,700 due immediately. . . ." (2241 Pet. at 1-1, p. 5.)[3] The supervised release terms stated in the judgment instructed:

> The defendant shall make fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision, payable at the rate of $100.00 per month.

(2241 Pet. at 1-1, p. 6.)

Wadley's § 2241 petition alleges that BOP officials: (a) are illegally applying the Bureau of Prisons Financial Responsibility Program ("IFRP") to Wadley; (b) are improperly withholding money under the IFRP from whatever income Wadley receives, including gifts; and (c) have improperly collected monies from Wadley's income longer than the statutory, five-year limit for such collections. Wadley seeks a court-order directing the BOP to designate him as "IFRP exempt."

II

The United States Court of Appeals for the Fourth Circuit has determined that a sentencing court may not delegate to the BOP or the probation office the court's statutory authority under 18 U.S.C. § 3572(d) to set the amount and timing for fine payments. United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996) (finding on appeal that judgment improperly delegated to the BOP or probation officer the court's authority to fix terms for fine payments). A § 2241 petition is the proper remedy for an inmate claiming that the sentencing court made such an improper delegation in his judgment. Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005). Where the inmate's fine or other financial obligation is due immediately under the judgment, however, the BOP's use of the IFRP program to collect an inmate's court-imposed fine is consistent with Miller. Id. (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine")). "The immediate payment directive is

---

[3] The judgment order in Wadley's criminal proceedings is not available on the electronic docket of the sentencing court. Wadley submits two pages of the judgment as an attachment to his § 2241 petition, however.

2

generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." Id. (internal quotation marks omitted).

In Claim (a), Wadley asserts that the language on his judgment order improperly delegated the court's exclusive authority to set payment schedules for Wadley's fines to the BOP. Wadley is mistaken. The sentencing court ordered that Wadley's fine and special assessments were due immediately. Therefore, the BOP had the discretion to employ the IFRP provisions to encourage Wadley to make progress toward meeting his financial obligations, and in so doing, did not usurp the sentencing court's authority in violation of the rule in Miller. Wadley's Claim (a) has no merit and must be dismissed.

In Claim (b), Wadley asserts that although he has not held prison employment in several years, BOP officials have continued to withhold money under the IFRP from whatever income he has received from friends and family.[4] Wadley asserts that such withholding violates the court's directive on his judgment. The court cannot agree.

The IFRP is a voluntary program through which inmates work with staff to develop a plan to meet their financial obligations, in exchange for a number of incentives offered to only to compliant IFRP participants. 28 C.F.R. § 545.11; BOP Program Statement 5380.08. When officials initially classify a BOP inmate, the unit team reviews with that inmate all of his financial obligations and helps him develop a play to make satisfactory progress toward meeting these obligations while incarcerated. § 545.11(a) and (b). Payments under § 545.11(b) "may be made from institution resources or non-institution (community) resources." Thus, the regulation "authorize[s] the Bureau to consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP." Pierson v. Morris, 282 F. App'x 347, 348 (5th Cir. 2008) (unpublished). Neither § 545.11 nor Program Statement 5380.08 exclude gifts from family or friends from the category of "non-institution (community) resources. Thurston v. Chester, 386 F App'x 759, 762 (10th Cir. 2010) (unpublished). An inmate who chooses not

---

[4] Wadley does not submit any documentation of the payment schedule BOP officials have imposed on him under the IFRP or the amounts withheld under this program.

to comply with the conditions of the IFRP program also chooses to forego the incentives conditioned on participation, including such privileges as prison employment and furloughs. § 545.11

Under these principles, Wadley's Claim (b) lacks merit. The sentencing court's judgment order directed <u>Wadley</u> to make payments toward his monetary penalties from his prison wages through the IFRP. This directive, however, did not limit the manner in which BOP officials could utilize the IFRP to encourage Wadley to meet his monetary obligations even when he is not employed. Wadley's participation in the IFRP remains voluntary. Wadley does not allege that he has notified BOP officials that he does not want to participate in the program, as he may choose to do if he wants to escape the payment obligations to which he agreed when he entered the IFRP. So long as Wadley chooses to remain in the IFRP, however, BOP officials may withhold his payments from any income he receives from "non-institution (community) resources," including gifts. Claim (b) must be dismissed.

In Claim (c), Wadley refers to 18 U.S.C. § 3663(f). Title 18, § 3663, which concerns restitution orders, does not include a subsection (f). Wadley also presents no evidence that the Court ordered him to pay restitution. Accordingly, the court cannot find that Wadley has established any ground for relief under § 2241 regarding restitution collection, and dismisses Claim (c).

III

For the reasons stated, the court finds no ground on which Wadley is entitled to the relief he seeks under § 2241 and dismisses his petition. Because the court finds that Wadley has no actionable claim, the court also denies his motion for appointment of counsel. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 20th day of April, 2012.

Senior United States District Judge

4